IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

STEVEN E. WANBAUGH                                                                                      PLAINTIFF

v.                                               Civil No. 05-5214

OFFICER FIELDS, Fayetteville
Police Department; and OFFICER
FAUGHT, Fayetteville Police Department                                                         DEFENDANTS

**O R D E R**

This case is currently scheduled for a non-jury trial on March 27, 2008. On January 30, 2008, defendants filed a motion for sanctions (Doc. 31) pursuant to Rule 37(d) of the Federal Rules of Civil Procedure. In the motion, defendants' counsel states he conducted a telephone conference call with the plaintiff, who is proceeding *pro se*, on December 10, 2007. During the conference call, plaintiff's mailing address was verified and plaintiff agreed to travel to Bentonville, Arkansas, for his deposition. Plaintiff lives in Siloam Springs, Arkansas. Plaintiff agreed to notify defendants' counsel if he needed to reschedule his deposition. Plaintiff was also advised of the importance of appearing for his deposition.

On December 12, 2007, defendants' counsel followed up on the telephone conference call by letter and notice of deposition. The notice scheduled the deposition for January 10, 2008, at 1:00 p.m. The document were mailed to the address confirmed by the plaintiff to be his correct mailing address in the call on December 10th.

On January 10th, the plaintiff failed to show at his deposition. Defendants' counsel then attempted to contact plaintiff on his cellular telephone and left a message. Defendants' counsel

-1-

also contacted a number plaintiff had provided and indicated was his sister's residence. Plaintiff's brother answered the telephone. Plaintiff's brother agreed to attempt to locate the plaintiff. Plaintiff's brother subsequently phoned back and advised defendants' counsel that plaintiff was working in Paris, Arkansas, and would not be appearing at the deposition. Plaintiff's brother also stated the plaintiff had indicated he was not aware of the deposition. Finally, plaintiff's brother stated plaintiff's sister "must not have gotten the letter to him."

Defendants' counsel went on the record at 1:40 p.m. and made a record of plaintiff's failure to appear. Defendants' counsel asks for an award of fees and expenses in the amount of $1241 incurred for attempted deposition of the plaintiff. Defendants also ask that plaintiff be ordered to appear for his deposition at the office of defendants' counsel in Little Rock within ten (10) days of the court's order and plaintiff's payment of their expenses of the first deposition.

Plaintiff has not responded to the motion for sanctions. We note also that plaintiff has not filed his response to the court's scheduling order. Plaintiff's response to the court's scheduling order (Doc. 22) was due thirty days prior to the scheduled trial date–or by February 27th.

Under Federal Rule of Civil Procedure Rule 37(d) if a party fails to appear for a deposition after being served with proper notice, the district court "may make such orders in regard to the failure as are just." *See e.g., Boogaerts v. Bank of Bradley*, 961 F.2d 765, 768 (8th Cir. 1992). The court may, among other things, require the party failing to act to pay the reasonable expenses, including attorney's fees, caused by the failure, or enter an order dismissing the action. Fed. R. Civ. P. 37 (d). The court has wide latitude in imposing sanctions for failure to comply with discovery. *See e.g., Aziz v. Wright*, 34 F.3d 587 (8th Cir. 1994).

The defendants' motion for sanctions (Doc. 31) is granted. Pursuant to Rule 37(d) of the Federal Rules of Civil Procedure, plaintiff is hereby ordered to pay the defendants the amount of $1241, the sum defendants incurred in attempting to take plaintiff's deposition on January 10, 2008. Following the payment of the reasonable expenses and attorney's fees, plaintiff is further ordered to appear for his deposition at counsel for defendants' office in Little Rock within ten (10) days. Until plaintiff complies with this order, this case is stayed and administratively terminated. The evidentiary hearing scheduled for March 27th is canceled. Plaintiff may upon payment of the fees and completion of his deposition, file a motion to reopen this case.

IT IS SO ORDERED this 4th day of March 2008.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE